JERRY RANCHES and RIZALINA RANCHES, Plaintiffs-Appellants,
v.
CITY AND COUNTY OF HONOLULU, Defendant-Appellee, and
JOHN DOES 1-10, JANE DOES 1-10; DOE CORPORATIONS 1-10; DOE PARTNERSHIPS 1-10; DOE NON-PROFIT ENTITIES 1-10; and DOE GOVERNMENTAL ENTITIES 1-10, Defendants.
No. 27846
Intermediate Court of Appeals of Hawaii.
February 16, 2007.
On the briefs:
Ian L. Mattoch and Mark F. Gallagher (Law Offices of Ian L. Mattoch), for Plaintiffs-Appellants.
Laura A. Kuioka and Marie Manuele Gavigan, Deputies Corporation Counsel, City and County of Honolulu, for Defendant-Appellee.

SUMMARY DISPOSITION ORDER
BURNS, C.J., LIM and NAKAMURA, JJ.
Plaintiffs-Appellants Jerry Ranches and Rizalina Ranches (Jerry and Rizalina) appeal from the March 15, 2006 Judgment Pursuant to Special Verdict entered by Judge Randal K.O. Lee after a jury trial.
Evidence was presented that, at approximately 12:30 to 1 p.m. on Monday, May 26, 2003, the Memorial Day holiday, Jerry slipped and fell on property owned by the City and County of Honolulu (the City). Specifically, Jerry slipped and fell "immediately inside the entrance to the men's restroom at Ewa Beach Park." Jerry "entered the men's restroom while wearing rubber slippers." He "didn't see that there was a puddle under where [he] fell."
In the Opening Brief, the following was stated:
The restroom building has no roof and the walls were constructed of concrete block. A shower on a concrete pad was located immediately outside the restroom door. [Jerry] walked past the shower and into the doorway which required him to take an immediate left turn and right turn. As soon as [Jerry] made the left turn his right foot slipped and he fell.
(Record citations omitted.)
As a result of his fall, Jerry fractured his right leg[1] and incurred medical bills totaling $25,350.13.
On July 13, 2004, Jerry and Rizalina commenced this case. On January 31, 2006, the City filed various motions in limine. One of the motions was "Defendant City and County of Honolulu's Motion to Limine No. 1 Re: Excluding All Evidence of Subsequent Remedial Measures". Specifically, the City argued that "any evidence of the resurfacing of the floor of the men's restroom or the cut made in the concrete at the entrance of the men's restroom in this case is irrelevant to any and all issues of negligence and such evidence should be excluded from the trial of this case."
The motions in limine were heard on February 14, 2006. At that hearing, counsel for Jerry and Rizalina stated:
This was an ongoing project, that all of these things needed to be resurfaced. If the City made a determination that, hey, floors need to be resurfaced, it made that determination well before [Jerry's] fall, and the jury should be able to hear that evidence. So I believe the best way is to present it is all of it.
With respect to the cut in the concrete, it's our position that the City is disputing whether or not there is a slope of this slab that runs in towards the men's restroom, rather than our view that it should properly be away from the building. And that cut is obviously put there in order to draw the water away. It's going to be direct rebuttal to the testimony of Mr. Ben Berris who is the primary custodian or maintenance person down there.
The City responded "that any subsequent remedial measure should not be included in this trial with regard to the cut," that they are "not arguing that it wasn't feasible to slope the shower pad differently[,]" and that "the other point [Jerry] tries to argue is that we're disputing the slope of the shower pad and we're not. We're not disputing that the slope is incorrect."
The motions in limine were decided by orders entered on February 27, 2006. One of the orders was the "Order Granting Defendant City and County of Honolulu's Motion in Limine No. 1 Re: Exclusion of All Evidence of Subsequent Remedial Measures Filed Herein on January 31, 2006".
The jury trial was held on February 27, March 1, and March 2, 2006. The jury rendered a verdict in favor of the City.
Generally, we agree with the following statement made by the City in the answering brief:
[T]he only issues which should be considered by this Court are the following: 1) The exclusion of evidence of the resurfacing of the men's restroom floor at Ewa Beach Park and the testimony of Stacey Kahue; and, 2) the exclusion of evidence regarding the operation of the showerhead and the slope of the concrete shower pad.
At the request of counsel for Jerry and Rizalina, the record on appeal contains "[a]ll portions [of the transcript] other than voir dire, opening arguments, closing arguments and jury instructions."
In accordance with Hawaii Rules of Appellate Procedure Rule 35, and after carefully reviewing the record and the briefs, and duly considering and applying the law relevant to the issues raised and arguments presented, we affirm the March 15, 2006 Judgment Pursuant to Special Verdict.
NOTES
[1] The Complaint alleges that "[t]hese injuries included a right distal tibia and proximal fibula fractures."